**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AYODELE HARRISON ARASOKUN,<br>*Plaintiff*,<br>v.<br>INTERNAL REVENUE SERVICE,<br>*Defendant*. | Civil Action No. 24-03472 (AHA) |

**Memorandum Opinion**

Ayodele Arasokun moves for summary judgment against the Internal Revenue Service for not adequately responding to his Freedom of Information Act request for records related to his tax fraud conviction, and the IRS cross-moves saying that it did adequately respond. The court denies Arasokun's motion and grants the IRS's.

## I. Background[1]

Arasokun was convicted of multiple crimes related to filing fraudulent federal income tax returns for other people. *See* ECF No. 29-1 ¶¶ 1–3; *United States v. Arasokun*, No. 23-4613, 2025 WL 1218981, at *1 (4th Cir. Apr. 28, 2025). Arasokun, currently incarcerated and challenging his convictions, sent a FOIA request to the IRS that sought the following items: (1) an investigative report; (2) records related to 1,701 tax refunds; (3) government correspondence about his criminal

[1] The court adopts the IRS's statement of facts, which are not disputed by Arasokun in his own statement of material facts or otherwise. *See* Local Civ. R. 7(h)(1) ("In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."); *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 154 (D.C. Cir. 1996) (instructing district courts to "deem as admitted the moving party's facts that are uncontroverted" by the nonmoving party).

case; and (4) documents related to a July 2023 U.S. Attorney's Office meeting about an IRS database used by investigators. *See* ECF No. 29-1 ¶¶ 8, 13, 15; ECF No. 26 at 1–2.

Arasokun did not get any response to his request and sued. *See* ECF No. 1 ¶ 1; ECF No. 29-1 ¶¶ 6–16. Since then, the IRS has given responses, and the parties have narrowed their disputes. The IRS searched and did not find any records responsive to the first item in Arasokun's request, the investigative report, and Arasokun does not dispute that. ECF No. 29-1 ¶¶ 34–35, 40; *see* ECF No. 31 at 1 ("Arasokun does not challenge whether the IRS performed an Adequate Search for the requested documents."). Arasokun also no longer pursues the third item in his request, government correspondence about the criminal case. ECF No. 29-1 ¶ 41; *see* ECF No. 11 at 2; ECF No. 26 at 2. The parties' dispute is therefore limited to the second and fourth items in Arasokun's request. In response to those, the IRS produced 234 responsive pages in full, produced another 1,979 pages with redactions, and withheld five pages in full. ECF No. 29-1 ¶¶ 47–48, 51, 54. The IRS also identified another 11,744 pages responsive to the second item (documentation of refund payments), but Arasokun gave up any right to those records in favor of proceeding to summary judgment on the documents produced. *Id.* ¶¶ 46–47; *see* ECF No. 26 at 2; Minute Order (Jan. 21, 2026). The parties now each move for summary judgment as to whether the IRS has justified its redactions and withholdings. ECF Nos. 26, 28. Arasokun also moves for the court to review certain records in camera, to determine whether they include his phone number. ECF No. 37 at 2.

## II. Discussion

The court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because Arasokun is proceeding without a lawyer, the court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, "when faced with a motion for

summary judgment, a pro se litigant must comply with the Federal Rules of Civil Procedure and this Court's local rules regarding responding to statements of material fact and marshalling record evidence that establishes each element of his claim for relief." *Ahuruonye v. U.S. Dep't of the Interior*, No. 16-cv-1767, 2022 WL 1746656, at *5 (D.D.C. May 31, 2022) (formatting modified) (quoting *Hedrick v. FBI*, 216 F. Supp. 3d 84, 93 (D.D.C. 2016)).

An agency generally has to first show it adequately searched for responsive records. *Montgomery v. IRS*, 40 F.4th 702, 714 (D.C. Cir. 2022). Here, there is no genuine dispute that the IRS conducted an adequate search. The IRS argues it did so and attaches evidence describing its search for records, *see* ECF No. 29 at 3–7; ECF No. 29-1 ¶¶ 24–25, 27, 29–31, 40, 43, and Arasokun does not dispute that the IRS's search in response to his request was sufficient—indeed, he disclaims any challenge to its adequacy. ECF No. 31 at 1; *see* ECF No. 34 at 1 n.1; *see also Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) ("An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." (quotation marks omitted)).

The parties' competing summary judgment motions do dispute whether the IRS has justified its redactions and withholdings. FOIA "mandates that an agency disclose records on request, unless they fall within one of nine exemptions," which "must be narrowly construed." *Milner v. Dep't of the Navy*, 562 U.S. 562, 565 (2011) (quotation marks omitted). "The burden is on the agency to justify withholding the requested documents," and the court must "determine *de novo* whether non-disclosure was permissible." *Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 777 F.3d 518, 522 (D.C. Cir. 2015); *see* 5 U.S.C. § 552(a)(4)(B). The court can grant summary judgment "on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by

contradictory evidence in the record or by evidence of agency bad faith." *Jud. Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013).

The IRS argues it was justified in partially redacting 1,979 pages under a FOIA exemption that shields certain personal information from disclosure and in withholding five pages in full under an exemption that shields records protected by the deliberative-process privilege. The court considers those arguments in turn.

**A. The IRS's Redactions Are Justified Under FOIA Exemption 6, Which Shields Certain Personal Information From Disclosure**

The IRS partially redacted 1,979 pages responsive to the second item in Arasokun's FOIA request, which seeks records related to tax refunds. *See* ECF No. 29 at 2–3, 12–15. The pages are individual federal income tax return forms, and the IRS redacted the tax filer's name, social security number, and address, as well as the tax-form preparer's name, tax identification number, business address, and phone number. *See, e.g.*, ECF No. 33 at 1–12; *see also* ECF No. 29-5 at 1 (*Vaughn* index). The IRS says its redactions are proper under FOIA's sixth exemption, which shields "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The court agrees.

The D.C. Circuit has held that exemption 6 requires courts first to consider whether withheld information is within the covered category—personnel, medical, or similar information—and then to "balance the privacy interest that would be compromised by disclosure against any public interest in the requested information." *Multi Ag Media LLC v. Dep't of Ag.*, 515 F.3d 1224, 1228 (D.C. Cir. 2008).

As to the first inquiry, the Supreme Court has held that exemption 6 is not limited "to a narrow class of files containing only a discrete kind of personal information," but is instead "intended to cover detailed Government records on an individual which can be identified as

applying to that individual." *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982). And the Court "has made clear that Exemption 6 is designed to protect personal information in public records, even if it is not embarrassing or of an intimate nature: 'Information such as place of birth, date of birth, date of marriage, employment history, and comparable data is not normally regarded as highly personal, and yet such information would be exempt from any disclosure that would constitute a clearly unwarranted invasion of personal privacy.'" *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989) (alterations omitted) (quoting *Wash. Post*, 456 U.S. at 600). That includes records that "reveal financial information easily traceable to an individual" because "disclosing those records jeopardizes a personal privacy interest that Exemption 6 protects." *Multi Ag*, 515 F.3d at 1228; *see also id.* at 1228–29 (holding exemption 6 "applies to financial information in business records when the business is individually owned or closely held, and 'the records would necessarily reveal at least a portion of the owner's personal finances'" (quoting *Nat'l Parks & Conserv. Ass'n v. Kleppe*, 547 F.2d 673, 685 (D.C. Cir. 1976)). This court therefore concludes exemption 6 covers the IRS's redactions here—names, addresses, social security numbers, and other personal information on tax returns. *See Jud. Watch, Inc. v. FDA*, 449 F.3d 141, 152 (D.C. Cir. 2006) (explaining exemption 6 covers "bits of personal information, such as names and addresses, the release of which would create a palpable threat to privacy" (formatting modified)).

The court next turns to the balancing test under exemption 6 and concludes the IRS has shown that the privacy interest in this information outweighs any public interest in it. *Multi Ag*, 515 F.3d at 1228. The IRS proffers a declaration attesting that the redacted information in tax returns "relates to particular individuals, including financial information, employment information, social security numbers, and personal contact information." ECF No. 29-3 ¶ 21; *see*

*also id.* ¶ 22 (attesting the records were "withheld in part because they contain identifying information of third-party individuals"). That personal information "would compromise a substantial, as opposed to *de minimis*, privacy interest." *Multi Ag*, 515 F.3d at 1229 (quoting *Horner*, 879 F.2d at 874). And there is no comparable public interest in disclosing that information. The record does not support the conclusion that "disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." *U.S. Dep't of Defense v. FLRA*, 510 U.S. 487, 497 (formatting modified). The information instead concerns "information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct." *U.S. Dep't of Just. v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989). Although Arasokun wants the information to challenge his conviction, that alone does not provide the requisite public interest to overcome the substantial privacy interests at play. *See, e.g.*, *Roth v. U.S. Dep't of Just.*, 642 F.3d 1161, 1177 (D.C. Cir. 2011) (explaining in the context of another FOIA privacy exemption that an individual's "personal stake" in using requested information to collaterally attack his conviction "is irrelevant to the balancing of public and third-party privacy interests" (quotation marks omitted)).[2]

Arasokun does not dispute that the IRS was justified in redacting third-party identifying information generally. He instead appears focused on using this FOIA action to obtain some legal

---

[2] The IRS has also shown it is reasonably foreseeable that disclosure of the redacted taxpayer and preparer identifying information would violate those individuals' personal privacy. 5 U.S.C. § 552(a)(8)(A)(i) (providing that an agency may only withhold records if it "reasonably foresees that disclosure would harm an interest protected by" a FOIA exemption or disclosure is "prohibited by law"); *see* ECF No. 29-1 ¶¶ 45, 50, 53. And the IRS has disclosed reasonably segregable information by redacting only exempt information. *Johnson v. Exec. Off. for U.S. Att'ys*, 310 F.3d 771, 776 (D.C. Cir. 2002); *see* ECF No. 29-3 ¶ 15. Arasokun does not appear to raise arguments about reasonable foreseeability or segregability. *See* ECF No. 26 at 3.

affirmation from the court that his own personal phone number does not appear on the redacted tax return documents. *See, e.g.*, ECF No. 31 at 3–4. In particular, Arasokun argues that the IRS did not redact the preparer phone number listed on some of the released tax return documents, and he says that unredacted phone number matches a phone number that he claims as his own. ECF No. 26 at 3; *see* ECF No. 31 at 1–2; *see also, e.g.*, ECF No. 33 at 8, 10, 14 (tax return documents with the unredacted preparer phone number). He argues that it therefore must be true that any redacted preparer phone numbers are not his; otherwise, the IRS would not have redacted them. *See* ECF No. 26 at 3; ECF No. 31 at 1, 3–4. Arasokun goes further, too, asking for an order "specifically stating . . . that his google voice number is NOT CONTAINED on the released FOIA materials." ECF No. 31 at 4.

As a threshold matter, Arasokun asks for more than the court can offer him in this case. The remedy FOIA authorizes is the disclosure of improperly withheld agency records, not a declaration of the sort Arasokun seeks. 5 U.S.C. § 552(a)(4)(B); *see also, e.g.*, *Touarsi v. U.S. Dep't of Just.*, 78 F. Supp. 3d 332, 350 (D.D.C. 2015) ("Compelling disclosure is the only explicitly available remedy under FOIA."). And in any event, the IRS has proffered a declaration attesting that it did not treat the number Arasokun identifies as "personal information for purposes of the redactions at issue." ECF No. 38-2 ¶ 7; *see also id.* ¶ 8 (attesting that, "[i]f the IRS had determined that the information at issue was [Arasokun]'s own personal information, the IRS would not have withheld that information from [Arasokun] under Exemptions 6 and 7(C) on the ground that it was third-party information"). On this record, there is no genuine dispute as to whether the redactions contain the phone number Arasokun claims as his own.

Arasokun's final ask is for the court review the IRS's redactions in camera "to determine whether [his] Google Voice number is contained on the previously released records." ECF No. 37

at 3. It is true that district courts have "broad discretion" to decide if in camera review "is necessary to determine whether the government has met its burden." *Loving v. Dep't of Def.*, 550 F.3d 32, 41 (D.C. Cir. 2008). But when "the agency meets its burden by means of affidavits, *in camera* review is neither necessary nor appropriate." *Hayden v. NSA*, 608 F.2d 1381, 1387 (D.C. Cir. 1979). Because the IRS has demonstrated it is entitled to summary judgment based on the declarations provided, the court denies the request for in camera review.[3]

**B. The IRS Properly Withheld Five Pages In Full Under FOIA Exemption 5 Because They Are Covered By Deliberative-Process Privilege**

The IRS also withheld five full pages responsive to the fourth item in Arasokun's FOIA request, which seeks records from a U.S. Attorney's Office meeting in July 2023. According to the IRS, the withheld pages are notes prepared by an IRS special agent "for internal use to assist [another agent] in recalling the substance of the meeting." ECF No. 29-3 ¶ 27; *see* ECF No. 29 at 2, 8–12. The IRS argues this was proper under FOIA's fifth exemption, which shields "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "Courts have construed this exemption to encompass the protections traditionally afforded certain documents pursuant to evidentiary privileges in the civil discovery context, including materials which would be protected under the attorney-client privilege, the attorney work-product privilege, or the executive deliberative process privilege." *Rockwell Intern. Corp. v. U.S. Dep't of Just.*, 235 F.3d 598, 601 (D.C. Cir. 2001); *see NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148–49 (1975). Here, the IRS argues the records would be covered by the deliberative-process privilege, which requires it to

---

[3] The IRS argues its redactions are also justified under exemption 7(C), which applies to private information compiled for law enforcement purposes, but the court need not consider that argument given that the IRS's redactions were justified by exemption 6.

show the records are "both predecisional and deliberative." *Tax Analysts v. IRS*, 117 F.3d 607, 616 (D.C. Cir. 1997); *see Jud. Watch, Inc. v. Dep't of Just.*, 365 F.3d 1108, 1113 (D.C. Cir. 2004) (explaining "[m]aterials that are predecisional and deliberative are protected, while those that simply state or explain a decision the government has already made or protect material that is purely factual are not" (quotation marks omitted)).

The court agrees the IRS has shown the meeting notes are predecisional and deliberative. "A document is predecisional if it was generated before the agency's final decision on the matter." *Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 362 (D.C. Cir. 2021) (formatting modified). And a document "is deliberative when it is prepared to help the agency formulate its position and it reflects the give-and-take of the consultative process." *Id.* (formatting modified). "To demonstrate that a document is deliberative, the government must explain the role it played in administrative decisionmaking—the 'who, what, where, and how' of internal government deliberations." *Campaign Legal Ctr. v. U.S. Dep't of Just.*, 34 F.4th 14, 23 (D.C. Cir. 2022) (quoting *Jud. Watch, Inc. v. Dep't of Just.*, 20 F.4th 49, 57 (D.C. Cir. 2021)). To do so, "the government typically must show 'the roles of the document drafters and recipients,' the 'nature of the withheld content,' and the 'stage within the broader deliberative process in which the withheld material operates,'" and the government "must explain 'the way in which the withheld material facilitated agency deliberation.'" *Id.* (formatting modified) (quoting *Jud. Watch*, 20 F.4th at 56).

Here, the IRS has proffered a declaration attesting that the withheld meeting notes "are not a verbatim or comprehensive record, but instead reflect the note-taker's selective recording of information deemed significant. ECF No. 29-3 ¶ 27. The declarant further attests: "This selectivity reveals the agent's impressions and mental processes, and is part of the agency's deliberative process." *Id.*; *see id.* ¶ 28 (attesting that the notes "reflect the author's rationale, impressions,

preliminary assessments, and views regarding matters to be discussed, as well as the framing and direction of internal discussions" and that disclosure "would reveal the agency's internal deliberations and would inhibit open and candid discussion among agency personnel"). These attestations show the notes are predecisional—the notes were taken before any final decision or course of action related to the criminal tax investigation. *See Reps. Comm.*, 3 F.4th at 362. The attestations also provide the requisite detail, including the agent who took the notes, the time and place of the meeting, and the purpose of the notes—to assist another special agent in recalling the meeting's substance based on the information the notetaker believed to be significant. ECF No. 29-3 ¶¶ 27–28. These details sufficiently describe "what deliberative process is involved, and the role played by the documents in issue in the course of that process." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980).

Arasokun makes two counterarguments, but neither is persuasive. He, first, says the IRS needs to provide more details about "the who, what, where, when, and how of internal government deliberations," as well as "the role of the document drafter and recipient." ECF No. 26 at 2 (formatting modified) (quoting *Campaign Legal Ctr.*, 34 F.4th at 23). But beyond quoting that legal standard, Arasokun does not say what makes the IRS's declarations insufficient to support the deliberative-process privilege. *See* ECF No. 26 at 2–3. Arasokun, second, asserts in reply that the IRS's reliance on this exemption is overcome by "the clear and obvious misconduct of the IRS agent." ECF No. 31 at 4. The government disputes that there is a misconduct exception to FOIA exemption 5. ECF No. 34 at 3–5; *see Protect Democracy Project, Inc. v. NSA*, 10 F.4th 879, 888–89 (D.C. Cir. 2021) ("There is no precedent binding on this court that recognizes the misconduct exception [to exemption 5]."). In any event, Arasokun's conclusory assertion of misconduct does not defeat the IRS's showing that the exemption applies here.

## III. Conclusion

For these reasons, the IRS's cross-motion for summary judgment is granted and Arasokun's motion for summary judgment and motion for in camera review are denied. A separate order accompanies this memorandum opinion.

AMIR H. ALI
United States District Judge

Date: November 10, 2026